996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara STUART, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-15457.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 28, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barbara Stuart appeals pro se the district court's denial of her application for a temporary restraining order (TRO) to restrain the Internal Revenue Service (IRS) from levying to collect her unpaid tax liabilities for tax years 1986 through 1988. We dismiss the appeal for lack of a final appealable order.
 
 
 3
 This court may hear appeals from interlocutory orders of the district court which grant, continue, modify, refuse, or dissolve injunctions. 28 U.S.C. § 1292(a)(1). Ordinarily, an appeal does not lie from the denial of an application for a temporary restraining order; such appeals are considered premature and are disallowed " '[i]n the interests of avoiding uneconomical piecemeal appellate review.' " Religious Tech. Ctr., Church of Scientology v. Scott, 869 F.2d 1306, 1308 (9th Cir.1989) (citing Kimball v. Commandant Twelfth Naval Dist., 423 F.2d 88, 89 (9th Cir.1970)). In addition, the denial of a TRO is not generally appealable unless it effectively decides the merits of the case. Graham v. Teledyne-Continental Motors, 805 F.2d 1386, 1388 (9th Cir.1986), cert. denied, 484 U.S. 815 (1987).
 
 
 4
 "We have recognized, however, that a denial of a TRO may be appealed if the circumstances render the denial 'tantamount to the denial of a preliminary injunction.' " Religious Tech. Ctr., 869 F.2d at 1308 (citing Environmental Defense Fund, Inc. v. Andrus, 625 F.2d 861, 862 (9th Cir.1980)). The denial of a TRO is tantamount to the denial of a preliminary injunction if: (1) the denial of the TRO followed a "full adversary hearing", and (2) "in the absence of review, the appellants would be effectively foreclosed from pursuing further interlocutory relief." Andrus, 625 F.2d at 862.
 
 
 5
 Here, Stuart filed her request for a TRO with her complaint. The IRS did not file any opposition or other responsive pleading and the district court did not hold an adversary hearing before denying Stuart the TRO. See id. Moreover, Stuart is not precluded from pursuing further interlocutory relief. See id. Finally, the district court's denial of the TRO did not effectively decide the merits of Stuart's action. See Graham, 805 F.2d at 1388. The merits of her case are proceeding before the district court. Accordingly, because the denial of the TRO was not tantamount to the denial of a preliminary injunction, we lack jurisdiction over this appeal.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3